# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Ma Arellano Lopez and Maria Yessenia Arellano Lopez, | No. CV-20-01063-PHX-JJT (MTM) |
| Petitioners, | **ORDER** |
| v. | |
| United States Department of Homeland Security, *et al.*, | |
| Respondents. | |

Petitioner Jose Ma Arellano Lopez (A# 203-710-365), who is detained in the CoreCivic La Palma Correctional Center, and Petitioner Maria Yessenia Arellano Lopez (A# 216-627-489), who is detained in the CoreCivic Eloy Detention Center, have filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and an Ex Parte Application for Temporary Restraining Order (Doc. 4).

**I.  Background**

Petitioners, brother and sister, are natives and citizens of Mexico. On November 24, 2019, they sought admission into the United States at the port of entry in San Luis, Arizona, and were subsequently taken into custody by the United States Department of Homeland Security ("DHS"). (Docs. 1-10, 1-13.) Petitioners expressed a fear of persecution or torture if returned to Mexico and were referred for removal proceedings before an immigration judge. (*Id.*) Petitioners' removal proceedings remain ongoing.

Petitioners state that they each have medical conditions that place them at a higher risk of severe illness or death should they contract COVID-19. Specifically, Jose Ma

Arellano Lopez states that he suffers from severe headaches caused by a previous head injury. (Doc. 1 ¶¶ 31, 38.) Maria Yesenia Arellano Lopez states that she suffers from migraines, dizziness, and low blood pressure. (*Id.* ¶¶ 31, 52.)

On April 17, 2020, Petitioners submitted requests to United States Immigration and Customs Enforcement ("ICE") seeking their release from custody on humanitarian parole. (Docs. 1-10, 1-13.) They have not yet received a response to those requests. Petitioners allege that because they have been designated as arriving aliens, they are subject to mandatory detention and "are not able to request a bond hearing before an immigration judge due to lack of jurisdiction." (Doc. 1 ¶ 27.)

**II. Petition**

In the Petition, Petitioners name DHS, United States Customs and Border Protection ("CBP"), ICE, United States Department of Justice ("DOJ"), United States Attorney General William Barr, La Palma Correctional Center Warden Chris Howard, Eloy Detention Center Warden Fred Figueroa, Acting ICE Phoenix Field Office Director Albert Carter, ICE Phoenix Field Office Assistant Directors Cesar Topete, Jason Ciliberti, and John Cantu, and Acting DHS Secretary Chad Wolf as Respondents.[1] Petitioners bring three grounds for relief.

In Ground One, Petitioners claim that their continued detention without a hearing to determine whether their prolonged detention is justified violates the Due Process Clause of the Fifth Amendment.

In Ground Two, Petitioners claim that: (1) their continued detention in excess of 180 days has become unreasonably prolonged and violates the Due Process Clause of the

---

[1] Under the rationale articulated in *Armentero, infra*, and in the absence of authority identifying the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss the individual Respondents or the Petition for failure to name a proper respondent at this stage. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent to an immigration habeas corpus petition). However, because DHS, CBP, ICE, and DOJ are agencies, not persons having custody over Petitioners, they will be dismissed as Respondents in this action. *See Rumsfeld*, 542 U.S. at 434 ("the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" (quoting 28 U.S.C. § 2242)); *see also* 28 U.S.C. § 2243 (a writ of habeas corpus must be "directed to the person having custody of the person detained").

Fifth Amendment; and (2) the conditions under which Petitioners are detained create an unreasonable risk of harm to their health and safety in violation of the Eighth Amendment.

In Ground Three, Petitioners claim Respondents' "failure to apply the appropriate legal standards in determining whether to release them on parole is arbitrary and capricious in contravention of 8 [U.S.C.] § 1182(d)(5), 8 [C.F.R. §] 212.5, and any other authorities that authorize Respondents' parole authority," and " is an abuse of discretion . . . in light of the high risk of COV[I]D-19 infection and the detention center's lack of care/precaution."

Petitioners ask the Court to: (1) issue a writ of habeas corpus ordering their immediate release from detention or, in the alternative, issue an injunctive order immediately enjoining Respondents from detaining them; (2) alternatively, schedule a telephonic hearing before this Court where, to continue their detention, the government must establish by clear and convincing evidence that Petitioners present a risk of flight or danger, taking into account available alternatives to detention; (3) declare that their continued detention violates the Fifth and Eighth Amendments; (4) award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act; and (5) grant any other and further relief that the Court deems just and proper.

### III. Severance and Answer

Petitioners are detained in two separate detention facilities and claim, at least in part, that the conditions in their respective facilities pose a risk of harm to their health and safety. Under these circumstances, the Court finds that adjudicating Petitioners' claims jointly would unnecessarily complicate and conflate the specific circumstances and responses to COVID-19 in the facilities in which each Petitioner is detained. The Court will therefore sever this case into two actions: one for each Petitioner. The Court will instruct the Clerk of Court to open a new action for Petitioner Maria Yesenia Arellano Lopez and direct that she be terminated as a Petitioner in this case.

. . . .

. . . .

1 The Court will require Respondents Barr, Howard, Figueroa, Carter, Topete, Ciliberti, Cantu, and Wolf to file an answer in this action with respect to the claims brought on behalf of Petitioner Jose Ma Arellano Lopez.

## IV. Ex Parte Application for Temporary Restraining Order

Petitioners move the Court "for emergency relief in the form of [a] temporary restraining order directing that they be immediately released from their current confinement," and ask to be released under appropriate conditions or, in the alternative, upon posting of a reasonable bond. (Doc. 4 at 1.) Petitioners state that their "application is supported by [their] previously submitted Petition for Writ of Habeas Corpus with attached exhibits, authorities, and declarations." (*Id.*)

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (discussing Ninth Circuit's "serious questions" test). Where a movant seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions,* 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

A temporary restraining order ("TRO") under Rule 65(b), unlike a preliminary injunction under Rule 65(a), may be entered before an adverse party has had an opportunity to respond. A TRO may issue if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney

certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).

Petitioners have not demonstrated that they will suffer irreparable injury before Respondents can be heard in opposition. Indeed, they do not discuss any of the factors for granting injunctive relief under Rule 65. Petitioners therefore fail to meet their burden to demonstrate that they are entitled to a temporary restraining order, and their Application will be denied. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

**IT IS ORDERED:**

(1) Petitioners' Ex Parte Application for Temporary Restraining Order (Doc. 4) is **denied**.

(2) This case is **severed** into two separate actions, one for each Petitioner.

(3) The Clerk of Court must **open a new action** for Petitioner Maria Yessenia Arellano Lopez and file a copy of the Petition and supporting exhibits (Doc. 1) and this Order in the new case.

(4) The Clerk of Court must **terminate** Maria Yessenia Arellano Lopez as a Petitioner in this action.

(5) Respondents DHS, CBP, ICE, and DOJ are **dismissed** from this action.

(6) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), and (3) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Barr, Howard, Figueroa, Carter, Topete, Ciliberti, Cantu, and Wolf pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(7) Respondents Barr, Howard, Figueroa, Carter, Topete, Ciliberti, Cantu, and Wolf shall have **30 days** from the date of service to answer the Petition (Doc. 1) as to the

claims brought on behalf of Petitioner Jose Ma Arellano Lopez. Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(8)     Petitioner Jose Ma Arellano Lopez shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply. Failure to file a Reply may be deemed as consent to the denial of the Petition on the grounds presented in Respondents' Answer.

(9)     Petitioner must immediately file a "Notice of Change in Status" if there is any material change in Petitioner's immigration or custody status. Any request for relief must be made by separate motion and may not be included in the Notice.

(10)    This matter is **referred** to Magistrate Judge Michael T. Morrissey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 5th day of June, 2020.

Honorable John J. Tuchi
United States District Judge

TERMPSREF